**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,

v.                                      Civ. No. 14-481 MV/KK
                                      (Cr. No. 07-2251 MV)

EVELYNE JAMES,

       Defendant/Movant.

**MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on: (1) Defendant/Movant Evelyne James' ("Movant") claim, raised in her Brief in Support of Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 20), filed October 15, 2015, that her trial counsel provided her with ineffective assistance by failing to appeal the denial of her motion to withdraw her guilty plea and to substitute counsel; and, (2) Plaintiff/Respondent the United States of America's ("Government") Motion to Enforce the Defendant's Valid Appellate Waiver in the Plea Agreement (Doc. 39) ("Motion to Enforce Appellate Waiver"), filed December 13, 2016. For the following reasons, the undersigned recommends that the Court GRANT Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) ("Section 2255 Motion") as to her ineffective assistance of counsel claim, and VACATE and REENTER its judgment of conviction and sentence to allow Movant to file a timely notice of appeal. The undersigned further recommends that the Court DENY the Government's Motion to Enforce Appellate Waiver.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

On November 6, 2007, a federal grand jury charged Movant, a member of the Navajo Nation, with the first-degree murder of A.J., a minor, in Indian country, in violation of 18 U.S.C. §§ 1111 and 1153.  (CR Doc. 12.)[2]  On May 24, 2012, pursuant to a signed plea agreement, Movant pled guilty to an information charging her with the voluntary manslaughter of A.J., and Chief United States Magistrate Judge Karen Molzen accepted Movant's plea of guilty to the reduced charge.  (CR Docs. 59, 63; Doc. 6-2; Doc. 6-3 at 17.)   Movant's plea agreement included a waiver of appellate and collateral attack rights, which stated:

> the Defendant knowingly waives the right to appeal her conviction and any sentence imposed in this case, except to the extent, if any, that the Court may impose a sentence that differs from that agreed to by the parties under Federal Rule of Criminal Procedure 11(c)(1)(C).  Additionally, . . . the Defendant knowingly waives the right to collaterally attack any sentence imposed in this case except on the grounds of ineffective assistance of counsel.

(Doc. 6-2 at 6-7.)

The Court received a letter from Movant on June 28, 2012,[3] in which she asked to be allowed to withdraw her guilty plea and for a new attorney.  (CR Doc. 64.)  On September 11, 2012, United States District Judge Martha Vázquez held a hearing to address Movant's letter, which was construed as a *pro se* motion to withdraw her plea and to substitute counsel.  (CR Docs. 72, 110.)  After hearing the statements and arguments of the Government, Movant, and

---

[1] The undersigned hereby incorporates by reference Section I of her August 10, 2016 Proposed Findings and Recommended Disposition ("August 2016 PFRD") in this matter, also entitled "Factual Background and Procedural History."  (*See* Doc. 32 at 3-17.)  The undersigned will not repeat all of that section's particulars here, but rather, will highlight those aspects that directly pertain to the issues now before the Court.

[2] References to "CR Doc." are to the docket in Cr. No. 07-2251 MV (D.N.M.), the underlying criminal case.

[3] The letter was dated June 18, 2012.  (CR Doc. 64 at 1.)

Movant's trial counsel, Judge Vázquez denied Movant's motion to withdraw her plea and to substitute counsel, finding no

> basis for withdrawal of your plea agreement. Because you have to have a legal basis to withdraw your plea agreement, and I am not aware of any basis in your letter for withdrawal of your plea agreement. Nor have I heard any reason to . . . have your lawyer removed.

(CR Doc. 110 at 26-27.) On April 23, 2013, Judge Vázquez accepted Movant's plea agreement and sentenced her to 25 years' imprisonment in accordance with the parties' agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (CR Doc. 94; CR. Doc. 101 at 48.) The Court entered a judgment of conviction against Movant on May 20, 2013. (CR Doc. 95.)

Movant filed the Section 2255 Motion presently before the Court on May 22, 2014,[4] arguing in the motion and subsequent briefing that: (a) her sentence was illegal and her guilty plea was unknowing and involuntary; (b) her trial counsel failed to represent her at the hearing on her *pro se* motion to withdraw her plea and to substitute counsel, in violation of her Sixth Amendment right to counsel; (c) the Court erred in denying her *pro se* motion to withdraw her plea and to substitute counsel; and, (d) her trial counsel provided her with ineffective assistance by failing to appeal that denial. (Doc. 1 at 4; Doc. 20 at 2, 6, 8-9; Doc. 26 at 3-12.) The Government responded that Movant's sentence was legal and her plea was knowing and voluntary; that trial counsel represented her at all phases of the criminal proceedings; that the Court properly denied her *pro se* motion to withdraw her plea and to substitute counsel; and, that she has failed to show prejudice from her trial counsel's failure to appeal that denial. (Doc. 25 at 7-14.)

After a comprehensive review of the pleadings and attachments in this civil proceeding and the underlying criminal case, Cr. No. 07-2251 MV, the undersigned issued the August 2016

---

[4] The Section 2255 Motion was dated May 18, 2014. (Doc. 1 at 9.)

PFRD, recommending that the Court dismiss all of Movant's claims with prejudice, except the claim that her trial counsel provided her with ineffective assistance by failing to appeal the denial of her *pro se* motion to withdraw her guilty plea and to substitute counsel. (Doc. 32 at 41.) The undersigned recommended that the Court reserve ruling on the latter claim pending a review of Movant's answers to interrogatories that the Court subsequently propounded. (*Id.*) Movant filed objections to the August 2016 PFRD on August 24, 2016, (Doc. 34), and answers to the Court's interrogatories on September 19, 2016. (Doc. 37.)

In her interrogatory answers, Movant stated under oath that her trial attorney, Benjamin Gonzales, never discussed with her whether he should file an appeal on her behalf of the Court's September 11, 2012 decision denying her *pro se* motion to withdraw her guilty plea and to substitute counsel, at any time before the deadline for filing such an appeal had passed. (Doc. 37 at 1.) Movant further swore that, if Mr. Gonzales had done so, she would have timely told him to file an appeal. (*Id.*) According to Movant, a number of witnesses would be able to corroborate her sworn statements, including inmate Gloria Vigil, and family members Anne James, Zandra James, Desirae Spencer, and Randall Spencer. (*Id.* at 2.)

Although the Court expressly permitted the Government to file a written response to Movant's interrogatory answers, with or without affidavits, the Government failed to do so. (Doc. 33 at 2.) Thus, on December 7, 2016, the Court ordered the Government to show cause why it should not deem the Government's silence to be an admission that Movant's interrogatory answers are true and accurate. (Doc. 38 at 1.) The Government filed a response to the Court's Order to Show Cause on December 13, 2016. (Doc. 39.) In its response, the Government refused to concede the veracity of Movant's answers, but admitted that it had no "information or belief" to refute them. (*Id.* at 3-5.) The Government also incorporated in its response its Motion

to Enforce Appellate Waiver.  (*Id.* at 5-7.)  Movant responded in opposition to the incorporated motion on December 27, 2016, asserting that the Government waived its right to seek enforcement of the appellate waiver by failing to do so earlier in these proceedings.  (Doc. 40 at 2-4.)

On June 16, 2016, Judge Vázquez referred this matter to the undersigned to conduct any proceedings necessary to recommend an ultimate disposition.  (Doc. 28.)  Movant's claim that her counsel provided her with ineffective assistance by failing to appeal the denial of her motion to withdraw her plea and to substitute counsel, and the Government's Motion to Enforce Appellate Waiver, are now before the undersigned for proposed findings and a recommended disposition.

## II.    ANALYSIS

### A.    Movant's Ineffective Assistance of Counsel Claim

For a defendant in a criminal case to succeed on a Sixth Amendment claim of ineffective assistance of counsel, she must demonstrate both that:  (1) "counsel's representation fell below an objective standard of reasonableness"; and, (2) "the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (applying *Strickland* to plea process).  "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  Thus, a defendant who shows that her lawyer failed to file a notice of appeal despite the defendant's specific instructions to do so satisfies the first prong of the *Strickland* test.  *Id.*  Moreover, "if counsel does not file a requested appeal, a defendant is entitled to a new appeal without a showing that his appeal likely would have had merit."  *United States v. Garrett*, 402 F.3d 1262, 1265 (10th Cir. 2005) (citations,

internal quotation marks, and brackets omitted).   In other words, prejudice from counsel's deficient performance is presumed, thus satisfying *Strickland*'s second prong.  *Id.*; *see also United States v. Parker*, 720 F.3d 781, 785-86 (10th Cir. 2013) ("A defendant receives ineffective assistance of counsel if his attorney disregards a specific instruction to take an appeal from a conviction or sentence.  Under such circumstances a defendant is entitled to a belated appeal without showing the appeal to have merit.") (citations omitted).

When a defendant has *not* specifically instructed counsel whether to file an appeal, the required analysis is more complex.  *Id.* at 785 n.3.  As to the first *Strickland* prong, the pertinent questions are whether counsel consulted with the defendant about an appeal, and, if not, whether he had a duty to do so.  *Flores-Ortega*, 528 U.S. at 478.  Although "the better practice is for counsel routinely to consult with the defendant regarding the possibility of an appeal," the *Flores-Ortega* Court "reject[ed] a bright-line rule that counsel must always" do so.  *Id.* at 480.  Rather,

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.  In making this determination, courts must take into account all the information counsel knew or should have known.

*Id.*; *Parker*, 720 F.3d at 785 n.3.

> In deciding whether a duty to consult exists, one relevant factor is

> whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings.  Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.  Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Flores-Ortega*, 528 U.S. at 480.  Nevertheless, the *Flores-Ortega* Court stated the expectation that "courts evaluating the reasonableness of counsel's performance using the inquiry we have described will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal." *Id.* at 481.

As to the second *Strickland* prong, *i.e.*, whether counsel's deficient performance prejudiced the defendant's defense, a breach of the duty to consult with a defendant about an appeal

> must actually cause the forfeiture of the defendant's appeal. . . .  [T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.

*Id.* at 484.

In the present matter, the undersigned proposes to find that trial counsel provided Movant with ineffective assistance by failing to consult with her regarding whether to appeal the denial of her motion to withdraw her plea and to substitute counsel.  Initially, the undersigned proposes to find that trial counsel had a duty to engage in such a consultation.  By filing a motion to withdraw her plea and to substitute counsel on her own initiative, and by arguing in support of that motion at a hearing before Judge Vázquez, Movant reasonably demonstrated to Mr. Gonzales that she was interested in filing an appeal.  (*See generally* CR Docs. 64, 110.) Movant's prior entry of a guilty plea, and the appellate waiver in her plea agreement, do not support a different conclusion, because Movant's motion to withdraw her plea put Mr. Gonzales on notice that she no longer desired "an end to judicial proceedings," *Flores-Ortega*, 528 U.S. at 480, but rather, wished to revive them.  Likewise, the fact that Movant ultimately received the sentence to which she agreed does not negate her manifest desire to appeal, when she expressly

stated that she was no longer "happy" with that sentence at the hearing on her motion to withdraw her plea.  (CR Doc. 110 at 14.)

The undersigned further proposes to find that trial counsel in fact did *not* consult with Movant regarding whether she wanted to appeal the denial of her motion to withdraw her plea and to substitute counsel.  Movant's interrogatory answer to this effect stands uncontested. (Doc. 37 at 1.)  The Government has had ample opportunity to produce affidavits, or seek an evidentiary hearing at which to offer testimony, to refute Plaintiff's sworn statements, but has failed to do so.  (Doc. 33 at 2; Doc. 38 at 2.)  Instead, it has admitted that it is "without information or belief" to contradict Movant's interrogatory answers.  (Doc. 39 at 3-4.)  As such, not only is there no evidence in the record that Mr. Gonzales consulted with Movant about an appeal, but also there is no indication that any such evidence will ever be forthcoming.  The undersigned therefore proposes to find that Movant has satisfied the first *Strickland* prong as to her ineffective assistance of counsel claim.

The undersigned also proposes to find that Movant has satisfied *Strickland*'s second prong by demonstrating a reasonable probability that she would have timely instructed her trial counsel to appeal the denial of her motion to withdraw her plea and to substitute counsel, but for his deficient failure to consult with her.  *Flores-Ortega*, 528 U.S. at 484.  Again, Movant's sworn statements to this effect stand uncontested, despite the Government's having had ample opportunity to challenge them.  (Doc. 33 at 2; Doc. 37 at 1; Doc. 38 at 2.)  The undersigned acknowledges her previous observation that, if trial counsel *had* consulted with Movant about an appeal, he would likely have advised against it.[5]  (*See* Doc. 32 at 39.)  However, the

---

[5] As noted in the August 2016 PFRD, trial counsel would likely have advised Movant that an appeal would be unsuccessful because she had waived her right to bring it.  (Doc. 32 at 39.)  In addition, as discussed in Sections III.C. and III.D.1. of the August 2016 PFRD, he would likely have advised against the appeal because there were no nonfrivolous grounds for it, and it would not have benefitted Movant even if successful.  (*Id.*)

uncontroverted evidence before the Court indicates that Movant would not have followed such advice. (Doc. 37 at 1-3.) Moreover, at Movant's direction, counsel would have been obliged to file the appeal notwithstanding the appellate waiver in her plea agreement. "Counsel may not refuse to file a notice of appeal based upon a waiver in the plea agreement, because the waiver must ordinarily be raised by the government and a court, not counsel, must determine its efficacy." *Parker*, 720 F.3d at 786.

The Government argues that Movant has failed to demonstrate the prejudice that *Strickland* requires, because she validly waived her right to appeal her conviction and sentence in her plea agreement, and thus, the Tenth Circuit would have summarily rejected her appeal if trial counsel had filed it. (Doc. 39 at 6-7.) This argument is without merit. Under *Flores-Ortega*, to satisfy *Strickland*'s second prong, Movant must show—and has shown—a reasonable probability that she would have instructed her trial counsel to file an appeal, not that such an appeal was likely to be successful. 528 U.S. at 483, 86. The prejudice to Movant arises from the forfeiture of a judicial proceeding she had a right to initiate, regardless of the proceeding's likely outcome. *Id.* at 483-84.

> Allowing the defendant to proceed in spite of unpersuasive pro se arguments is not a matter of formalistic compliance with a technical rule merely postponing the inevitable denial of relief on the merits. Rather, it serves to safeguard important interests with concrete and potentially dispositive consequences which can be guaranteed only by the direct-appeal process and the concomitant right to counsel.

*Garrett*, 402 F.3d at 1265-66 (citations, internal quotation marks, and brackets omitted). Further, while Movant's "appellate rights have been significantly limited by [her] waiver, . . . the waiver does not foreclose all appellate review of [her] sentence." *Id.* at 1266-67. In other words, the Government's successful enforcement of Movant's appellate waiver on appeal, however likely, is not absolutely guaranteed.

9

For the foregoing reasons, the undersigned proposes to find that Movant's trial counsel provided her with ineffective assistance by failing to consult with her about whether to appeal the denial of her motion to withdraw her plea and to substitute counsel. The remedy for an attorney's failure to file an appeal as a defendant requested—or, in this case, as Movant most likely would have requested, had she been consulted—is to grant the defendant leave to file a delayed appeal. *Id.* at 1267; *United States v. Snitz*, 342 F.3d 1154, 1159 (10th Cir. 2003). More particularly, the preferred procedure, and thus the one the undersigned recommends, is for the Court to vacate and reenter its judgment of conviction and sentence to allow Movant to timely file a notice of appeal. *Snitz*, 342 F.3d at 1159.

### B.     The Government's Motion to Enforce Appellate Waiver

The undersigned recommends that the Court deny the Government's Motion to Enforce Appellate Waiver as premature. At this juncture, Movant has demonstrated a reasonable probability that she would have filed an appeal had her trial counsel discussed one with her. However, she has not yet actually elected to file an appeal after consultation with her present counsel. Thus, at present, there is no appeal for her appellate waiver to bar. Logically, the proper time and venue for the Government to move to enforce the appellate waiver would be after Movant has filed a timely notice of appeal in the Tenth Circuit. *Parker*, 720 F.3d at 786 & n.4. Presumably, Movant's appeal would then "initially be evaluated under the summary procedure and analysis described in [*United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004)]." *Garrett*, 402 F.3d at 1267.

Movant's argument that the Government has waived its right to seek enforcement of the appellate waiver is likewise premature, and should properly be raised, if at all, after Movant has filed an appeal and the Government has moved to enforce the waiver in the Tenth Circuit. (Doc.

40 at 2-4.)  It seems to the undersigned improbable that the Tenth Circuit would find that the Government waived its right to seek enforcement of the appellate waiver by its conduct in a district court proceeding, particularly when the Government referred to the appellate waiver in both of its response briefs, and also filed a motion to enforce the appellate waiver.  (Doc. 6 at 5, 9; Doc. 25 at 14; Doc. 39 at 5-7); *see, e.g., United States v. Contreras-Ramos*, 457 F.3d 1144, 1145 (10th Cir. 2006) (government waives enforcement of appellate waiver when it "utterly neglects to invoke the waiver" in appellate court).  However, that decision is not this Court's to make.

Finally, in the Government's Motion to Enforce Appellate Waiver, there is some suggestion—though certainly no straightforward argument—that the waiver of collateral attack rights in Movant's plea agreement bars the ineffective assistance of counsel claim presently before the Court.  (Doc. 39 at 6.)  To the extent that the Government actually intends to make such an argument in its motion, the undersigned disagrees.  On its face, the waiver of collateral attack rights in Movant's plea agreement does not apply to the ineffective assistance of counsel claim presently before the Court, because the waiver expressly excludes from its scope all collateral attacks "on the grounds of ineffective assistance of counsel."[6]  (Doc. 6-2 at 7); *see, e.g., Garrett*, 402 F.3d at 1266 n.5 ("[T]he plain language of [defendant's waiver of collateral attack rights] does not address the type of claim [defendant] has raised."); *see also Hahn*, 359 F.3d at 1325 (courts must strictly construe appellate waivers and read any ambiguities in them against the government).

---

[6] Cases in which the Tenth Circuit affirmed the district courts' enforcement of collateral attack waivers to bar claims similar to Movant's are distinguishable, because the collateral attack waivers at issue in these cases lacked an express exception for ineffective assistance of counsel claims. *See, e.g., Parker*, 720 F.3d at 785, 787; *United States v. Lechuga*, 527 F. App'x 713, 714, 716 (10th Cir. 2013); *United States v. Viera*, 674 F.3d 1214, 1216-19 (10th Cir. 2012).

## III.   CONCLUSION

For all of the foregoing reasons, the undersigned recommends that the Court GRANT Movant's Section 2255 Motion as to her claim that her trial counsel provided her with ineffective assistance by failing to appeal the denial of her *pro se* motion to withdraw her guilty plea and to substitute counsel.   The undersigned further recommends that the Court VACATE and REENTER its judgment of conviction and sentence to allow Movant to timely file a notice of appeal.   Finally, the undersigned recommends that the Court DENY the Government's Motion to Enforce Appellate Waiver.

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**