IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                                 Civ. No. 14-481 MV/KK
                                                                   (Cr. No. 07-2251 MV)

EVELYNE JAMES,

    Defendant/Movant.

### ORDER ADOPTING MAGISTRATE JUDGE'S
### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on (1) Defendant/Movant Evelyne James' ("Movant") claim, raised in her Brief in Support of Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 20), filed October 15, 2015, that her trial counsel provided her with ineffective assistance by failing to consult with her about an appeal; and, (2) Plaintiff/Respondent the United States of America's ("Government") Motion to Enforce the Defendant's Valid Appellate Waiver in the Plea Agreement (Doc. 39) ("Motion to Enforce Appellate Waiver"), filed December 13, 2016.  In her second Proposed Findings and Recommended Disposition in this matter (Doc. 41) ("Second PFRD"), filed January 9, 2017, United States Magistrate Judge Kirtan Khalsa recommended that the Court grant Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) ("Section 2255 Motion") as to her ineffective assistance of counsel claim, and vacate and reenter its judgment of conviction and sentence to allow Movant to file a timely notice of appeal.  Judge Khalsa further recommended that the Court deny the Government's Motion to Enforce Appellate Waiver.  The Government filed Objections to Magistrate Judge's Proposed Findings and Recommended Dispositions ("Objections") on January 20, 2017, (Doc.

42), and Movant's Section 2255 Motion and the Government's Motion to Enforce Appellate Waiver and Objections are now before the Court.

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).  "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  When resolving objections to a magistrate judge's proposal,

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

The Court has considered Movant's Section 2255 Motion, the Government's Motion to Enforce Appellate Waiver and Objections, and the Magistrate Judge's Second PFRD in light of the foregoing standards, and has conducted a *de novo* review of the record in this case and the underlying criminal case.  Based on this review, and as explained below, the Court finds that the Government's Objections should be overruled, the Magistrate Judge's Second PFRD should be

adopted, the Government's Motion to Enforce Appellate Waiver should be denied, and Movant's Section 2255 Motion should be granted as to her claim that her counsel provided her with ineffective assistance by failing to consult with her about an appeal.

For a defendant in a criminal case to succeed on a Sixth Amendment claim of ineffective assistance of counsel, she must demonstrate both that: (1) "counsel's representation fell below an objective standard of reasonableness"; and, (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). In cases like this one, where the defendant claims that her trial counsel provided her with ineffective assistance by failing to consult with her about an appeal, more particularized standards apply. To satisfy the first *Strickland* prong in such cases, a defendant must show that her trial counsel had a duty to consult with her about an appeal yet failed to do so. *Roe v. Flores-Ortega*, 528 U.S. 470, 478-80 (2000).

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

*Id.* at 480; *United States v. Parker*, 720 F.3d 781, 785 n.3 (10th Cir. 2013). To satisfy the second *Strickland* prong, a breach of the duty to consult with a defendant about an appeal

> must actually cause the forfeiture of the defendant's appeal. . . . [T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.

*Flores-Ortega*, 528 U.S. at 484.

Applying the foregoing standards to the undisputed facts of this case is straightforward. First, the Court finds that Movant's trial counsel had a duty to consult with her about an appeal, because Movant reasonably demonstrated that she was interested in pursuing an appeal by

personally filing and arguing in support of her motion to withdraw her plea and to substitute counsel.  *Id.* at 480; (*see generally* CR Docs. 64, 110.)  Movant's *pro se* motion and argument unequivocally put her trial counsel on notice that she no longer desired "an end to judicial proceedings," *Flores-Ortega*, 528 U.S. at 480, and was no longer "happy" with the sentence to which she had previously agreed.  (CR Doc. 110 at 14.)

The Court further finds that trial counsel breached his duty to consult with Movant about an appeal.  In answer to the Court's interrogatories, Movant swore that her trial counsel did not consult with her regarding whether she wanted to appeal the denial of her motion to withdraw her plea and to substitute counsel.  (Doc. 37 at 1.)  The Government has failed to avail itself of at least three opportunities to produce affidavits or seek an evidentiary hearing at which to offer testimony to refute Plaintiff's sworn statements:  (1) in response to Movant's interrogatory answers; (2) in response to the Court's Order to Show Cause; and, (3) in its Objections to the Magistrate Judge's Second PFRD.[1]  (Docs. 33, 38, 39, 42.)  Instead, the Government has admitted that it is "without information or belief" to contradict Movant's answers.  (Doc. 39 at 3-4.)  The Court therefore concludes that an evidentiary hearing is unnecessary as to this issue, and that Movant has satisfied the first *Strickland* prong as to her ineffective assistance of counsel claim.

The Court also concludes that Movant has satisfied *Strickland*'s second prong by demonstrating a reasonable probability that she would have timely instructed her trial counsel to appeal the denial of her motion to withdraw her plea and to substitute counsel, but for his deficient failure to consult with her.  *Flores-Ortega*, 528 U.S. at 484.  Again, Movant's sworn statements to this effect stand uncontested despite the Government's having had three distinct

---

[1] In addition, Movant's trial counsel, Benjamin Gonzales, remains employed as an Assistant Federal Public Defender in this District; thus, the Government has certainly had the ability to contact him regarding the accuracy of Movant's interrogatory answers.

opportunities to challenge them, making an evidentiary hearing on this point unnecessary as well. (Doc. 33 at 2; Doc. 37 at 1; Doc. 38 at 2.) The Court notes that trial counsel would have been obliged to file an appeal at Movant's direction notwithstanding the appellate waiver in her plea agreement. "Counsel may not refuse to file a notice of appeal based upon a waiver in the plea agreement, because the waiver must ordinarily be raised by the government and a court, not counsel, must determine its efficacy." *Parker*, 720 F.3d at 786.

In its Objections, the Government argues that Movant has nevertheless failed to demonstrate *Strickland* prejudice, because she has already been heard in these Section 2255 proceedings on her claim that her trial counsel provided her with ineffective assistance in the underlying criminal case, and she has waived her right to appeal any other alleged errors. (Doc. 42 at 4-8.) The Court declines the Government's invitation to write such an exception into the standards the Supreme Court set in *Flores-Ortega*. According to those standards, to satisfy *Strickland*'s second prong Movant must show a reasonable probability that she would have instructed her trial counsel to appeal, not that her appeal was likely to be successful. 528 U.S. at 483, 86. The prejudice to Movant arises from the forfeiture of a judicial proceeding she had a right to initiate, regardless of the proceeding's likely outcome. *Id.* at 483-84.

> Allowing the defendant to proceed in spite of unpersuasive . . . arguments is not a matter of formalistic compliance with a technical rule merely postponing the inevitable denial of relief on the merits. Rather, it serves to safeguard important interests with concrete and potentially dispositive consequences which can be guaranteed only by the direct-appeal process and the concomitant right to counsel.

*United States v. Garrett*, 402 F.3d 1262, 1265-66 (10th Cir. 2005) (citations, internal quotation marks, and brackets omitted). Further, while Movant's "appellate rights have been significantly limited by [her] waiver, . . . the waiver does not foreclose all appellate review of [her] sentence."

*Id.* at 1266-67.  The Government's successful enforcement of Movant's appellate waiver on appeal, however likely, is not guaranteed.

For the foregoing reasons, and for the additional reason stated in the Magistrate Judge's Second PFRD, (Doc. 41), the Court finds that Movant's trial counsel provided her with ineffective assistance by failing to consult with her about whether to appeal the denial of her motion to withdraw her plea and to substitute counsel.  The Court will therefore grant Movant's Section 2255 Motion as to this claim.  The remedy for an attorney's deficient failure to file an appeal is to grant the defendant leave to file a delayed appeal.  *Garrett*, 402 F.3d at 1267; *United States v. Snitz*, 342 F.3d 1154, 1159 (10th Cir. 2003).  To accomplish this result, the Court will follow the preferred procedure of vacating and reentering its judgment of conviction and sentence to allow Movant to timely file a notice of appeal after consultation with her present counsel.  *Snitz*, 342 F.3d at 1159.

At this juncture, the Court will deny the Government's Motion to Enforce Appellate Waiver as premature.  Movant has not yet filed an appeal after consultation with her present counsel.  Thus, at present, there is no appeal for her appellate waiver to bar.  Logically, the proper time for the Government to move to enforce the appellate waiver, and for Movant to make any arguments in opposition to such enforcement, would be after Movant has filed a timely notice of appeal in the Tenth Circuit.[2]  *Parker*, 720 F.3d at 786 & n.4.  Presumably, Movant's appeal would then "initially be evaluated under the summary procedure and analysis described in [*United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004)]."  *Garrett*, 402 F.3d at 1267.

---

[2] Cases in which the Tenth Circuit affirmed the district courts' enforcement of collateral attack waivers to bar claims similar to Movant's are distinguishable, both because Movant's collateral attack waiver includes an express exception for ineffective assistance of counsel claims, and because the waiver the Government seeks to enforce is of Movant's right to directly appeal her conviction and sentence, and not her right to collaterally attack it. (CR Doc. 62 at 6-7; Doc. 39 at 5-8; Doc. 42 at 7); *see, e.g.*, *Parker*, 720 F.3d at 785-87; *United States v. Lechuga*, 527 F. App'x 713, 714, 716 (10th Cir. 2013); *United States v. Viera*, 674 F.3d 1214, 1216-19 (10th Cir. 2012).

IT IS THEREFORE ORDERED AS FOLLOWS:

1. The Government's Objections to Magistrate Judge's Proposed Findings and Recommended Dispositions (Doc. 42) are OVERRULED;

2. The Magistrate Judge's second Proposed Findings and Recommended Disposition (Doc. 41) are ADOPTED as an order of the Court;

3. The Government's Motion to Enforce the Defendant's Valid Appellate Waiver in the Plea Agreement (Doc. 39) is DENIED;

4. Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is GRANTED as to her claim, raised in her Brief in Support of Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 20), that her trial counsel provided her with ineffective assistance by failing to consult with her about an appeal; and,

5. By separate order, the Court will VACATE and REENTER Movant's judgment and sentence in Cr. No. 07-2251 MV to allow Movant to file a timely notice of appeal.

IT IS SO ORDERED.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE